McGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00175-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| JUAN COMPARAN-GUZMAN, ET AL. | DATE: October 28, 2020 |
| Defendants. | TIME: 1:00 p.m. |
| | COURT: Hon. Barbara A. McAuliffe |

The United States of America, by and through McGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorney, and the defendants, by and through their respective attorneys of record, hereby stipulate to continue the status conference in this case from October 28 2020 until March 17, 2021 at 1:00 p.m and for such time between those dates be excluded from the calculation as to the time within which the defendants should be tried.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of

1      Although the General Orders address the district-wide health concern, the Supreme Court has

2  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6  509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8  or in writing").

9      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10 and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

11 continuances are excludable only if "the judge granted such continuance on the basis of his findings that

12 the ends of justice served by taking such action outweigh the best interest of the public and the

13 defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

14 "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

15 ends of justice served by the granting of such continuance outweigh the best interests of the public and

16 the defendant in a speedy trial."  *Id.*

17     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

23 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

24 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

25 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

26     In light of the societal context created by the foregoing, this Court should consider the following

27

28 counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact
   court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for a status conference on October 28, 2020.

2.      By this stipulation, the parties now move to continue the status conference until March 17, 2021, and to exclude time between October 28, 2020, and March 17, 2021, under Local Code T4.

3.       The parties agree and stipulate, and request that the Court find the following:

a)      The discovery associated with this case includes case includes voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, totaling thousands of pages of discovery and several gigabytes of electronic data. The government has produced approximately five hundred pages of reports so far, and anticipates producing the additional discovery in the coming weeks and on an ongoing basis.

b)      Counsel for defendants desire additional time to review discovery and to confer with their respective clients regarding a potential resolution of this matter.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

et seq., within which trial must commence, the time period of October 28, 2020 to March 17, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 20, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ KATHLEEN A. SERVATIUS
KATHLEEN A. SERVATIUS
Assistant United States Attorney

Dated:  October 20, 2020

/s/ Anthony P. Capozzi
Anthony P. Capozzi
Counsel for Defendant
Juan Alejandro Comparan-Guzman

Dated:  October 20, 2020

/s/ Victor Manuel Chavez
Victor Manuel Chavez
Counsel for Defendant
Quintin Jeuh Carlos-Banuelos

Dated:  October 20, 2020

/s/ John Frederick Garland
John Frederick Garland
Counsel for Defendant
Francisco Ramirez

Dated:  October 20, 2020

/s/ Steven Leon Crawford
Steven Leon Crawford
Counsel for Defendant
Lorena Ramirez

Dated:  October 20, 2020

/s/ John Alan Meyer
John Lana Meyer
Counsel for Defendant
Christina Maria Nino

Dated:  October 20, 2020

/s/ Carrie C. McCreary
Carrie C. McCreary
Counsel for Defendant
Anna Concepcion Jimenez-
Ambriz

Dated:  October 20, 2020

/s/ Barbara Hope O'Neill
Barbara Hope O'Neill
Counsel for Defendant
Rafael Zaragoza

Dated:  October 20, 2020

/s/ Robert Lamanuzzi
Robert Lamanuzzi
Counsel for Defendant
Carol Maldonado Vasquez

Dated:  October 20, 2020

/s/ Carol Ann Moses
Carol Ann Moses
Counsel for Defendant
Rita Anne-Marie Louis

**ORDER**

IT IS SO ORDERED that the Status Conference is continued from October 28, 2020 to **March 17, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **October 21, 2020**                  /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE